IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-105-D

UNITED STATES OF AMERICA )
)
v. ) **ORDER**
)
CLIFTON JEROME WASHINGTON, )
)
Defendant. )

On January 12, 2010, a jury convicted Clifton Jerome Washington ("Washington") Washington of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. See [D.E. 1, 73]. On April 22, 2010, the court held Washington's sentencing hearing. See Sentencing Tr. [D.E. 89]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Washington's total offense level to be 26, his criminal history category to be VI, and his advisory guideline range to be 120 months' imprisonment. See Sentencing Tr. at 3–6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Washington to 120 months' imprisonment and three years' supervised release. See id. at 14–21. On January 6, 2012, the United States Court of Appeals for the Fourth Circuit affirmed Washington's conviction and sentence. See United States v. Washington, 461 F. App'x 215, 216 (4th Cir. 2012) (unpublished).

On June 27, 2016, Washington moved for a sentence reduction under Johnson v. United States, 135 S. Ct. 2551( 2015). See [D.E. 132]. Washington, however, already lost a motion under 28 U.S.C. § 2255 attacking his conviction and sentence. See [D.E. 108]. On July 29, 2014, the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability

concerning Washington's section 2255 motion and dismissed Washington's appeal. See [D.E. 113]. Moreover, the Fourth Circuit has not authorized Washington to file a second 2255 motion.

Washington's latest motion continues to attack his sentence. The court construes Washington's motion as successive under section 2255, and this court lacks subject-matter jurisdiction to consider the motion. See, e.g., 28 U.S.C. § 2255(h); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 205 (4th Cir. 2003). Thus, the court dismisses the motion.

Alternatively, Washington cannot use Johnson retroactively to challenge his advisory guideline range. See, e.g., Beckles v. United States, 137 S. Ct. 886, 895–97 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Thus, even if the court has jurisdiction, Johnson provides no relief.

After reviewing the claim presented in Washington's motion, the court finds that reasonable jurists would not find the court's treatment of Washington's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court DISMISSES Washington's motion for reduction of sentence [D.E. 132], and DENIES a certificate of appealability.

SO ORDERED. This __8__ day of June 2017.

JAMES C. DEVER III
Chief United States District Judge

2